PUNEET K. SANDHU (State Bar No. 254726)
psandhu@psemploymentlaw.com
KAREN J. PAZZANI (State Bar No. 252133)
kpazzani@psemploymentlaw.com
JOSEPH V. MARRA III (State Bar No. 238181)
jmarra@psemploymentlaw.com
PAZZANI & SANDHU LLP
700 N. Central Ave., Suite 480
Glendale, California 91203
Telephone:  (213) 362-1860
Facsimile:  (213) 362-1861

Attorneys for Defendant
UNIVERSITY OF SOUTHERN CALIFORNIA

# UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| CAMILLE GEAR RICH, | Case No.  2:25−cv−05842−JFW (JCx) |
|---|---|
| Plaintiff, | **DEFENDANT UNIVERSITY OF SOUTHERN CALIFORNIA'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES [DKT. 01]** |
| v. | |
| UNIVERSITY OF SOUTHERN CALIFORNIA, *et al.*, | |
| Defendants. | Action filed: 06/26/2025 |

PAZZANI & SANDHU LLP
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

**PAZZANI & SANDHU LLP**
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

Defendant University of Southern California ("Defendant" or "USC") submits the following answers and affirmative defenses to Plaintiff Camille Gear Rich's Complaint for Damages (Dkt. No. 1 ("Complaint")), according to its numbered paragraphs as follows:

## THE PARTIES[1]

1.      Defendant admits that it is a private, not-for-profit research university, incorporated in the State of California.

2.      Defendant admits that it is organized into twenty-three schools and academic units, including the USC Gould School of Law ("GSOL").  Defendant denies the remaining allegations contained in Paragraph 2.  GSOL was dismissed from this action pursuant to the parties' stipulation on November 6, 2025.  (Dkt. No. 24)

3.      Defendant admits that it has a Board of Trustees, whose duties are set forth in the University Bylaws, as amended from time to time.  Defendant denies the remaining allegations contained in Paragraph 3.

4.      Defendant admits that it has a Board of Trustees, whose duties are set forth in the University Bylaws, as amended from time to time.  Defendant denies the remaining allegations contained in Paragraph 4.

5.      Paragraph 5 states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 5 are deemed factual, Defendant denies them.  The Board of Trustees of the University of Southern California was dismissed from this action pursuant to the parties' stipulation on November 6, 2025.  (Dkt. No. 24)

---

[1]  Defendant reproduces here the same Headings and Sub-headings Plaintiff uses in the Complaint solely for purpose of organization of this Answer only.  Defendant does not admit the content of any of the Headings and Sub-headings contained in the Complaint but rather denies them to the extent that they are deemed to assert any facts.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

**PAZZANI & SANDHU LLP**
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

## STATEMENT OF JURISDICTION

6.      Defendant admits that the Court has subject matter jurisdiction over this action.

7.      Defendant admits that the Court has personal jurisdiction over it.

8.      Defendant admits that it is located in, and employs Plaintiff, in Los Angeles County, California.

9.      Defendant admits that venue is proper in this district.  Defendant denies that it engaged in any "events or omissions giving rise to Plaintiff's claims."

10.      Paragraph 10 states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 10 are deemed factual, Defendant denies them.

11.      Defendant admits that on or about June 26, 2024, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was dual filed with the California Civil Rights Department, Charge Number 480-2025-00594.  Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12.      Defendant admits that on or about March 31, 2025, the EEOC issued Plaintiff a Dismissal of Charge and Notice of Right to Sue with respect to Charge Number 480-2025-00594.

13.      Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 13 of the Complaint and, on that basis, denies them.

14.      Defendant admits that Plaintiff filed this action on June 26, 2025, which is 87 days after the March 31, 2025, date of the Dismissal of Charge and Notice of Right to Sue with respect to Charge Number 480-2025-00594.

/ /

/ /

/ /

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

**OPERATIVE FACTS**

I.  **Professor Rich's Esteemed Background and Prior Marriage to USCGSOL Professor, Stephen Montgomery Rich**

15.     Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant admits that it hired Professor Stephen Montgomery Rich ("Montgomery Rich") in Spring 2007.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 16 of the Complaint and therefore denies them.

17.     Defendant admits the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant admits the allegations in Paragraph 18 in that it has employed Plaintiff since 2007; granted her tenure in 2014, based on her accomplishments in teaching, scholarship, and service; and, on the recommendation of the then-dean of GSOL, Professor Andrew Guzman ("Dean Guzman"), awarded her the title of Dorothy W. Nelson Professor of Law in 2021.

19.     Defendant admits the allegations contained in Paragraph 19 of the Complaint, except to the extent these allegations can be read to mean Plaintiff was solely responsible for or solely "spearheaded" diversity and inclusion efforts, which it denies.

20.     Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant admits that Plaintiff and Montgomery Rich have been members of the GSOL faculty since 2007, and that they were married at the time of hire.

22.     Defendant admits the allegations contained in Paragraph 22 of the Complaint.

PAZZANI & SANDHU LLP
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

23. Defendant admits the allegations contained in Paragraph 23 of the Complaint.

24. Defendant admits the allegations contained in Paragraph 24 of the Complaint, except to the extent the allegations suggest Plaintiff had an appointment equivalent to a "Provost-level," which it denies.

25. Defendant lacks knowledge or information sufficient to admit or deny allegations contained in Paragraph 25 of the Complaint and, on that basis, denies them.

26. Defendant admits the allegations contained in Paragraph 26 of the Complaint.

## II. Professor Montgomery Rich Exhibits Threatening and Erratic Behavior Towards Professor Rich to Other Faculty Members Who Fail to Report or Discipline His Behavior

27. Paragraph 27 of the Complaint states a legal argument and conclusion to which no response is required. To the extent any allegations contained in Paragraph 27 are deemed factual, Defendant denies them.

28. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 28 of the Complaint, and on that basis, denies them.

29. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 29 of the Complaint, and on that basis, denies them.

30. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 30 of the Complaint, and on that basis, denies them.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

PAZZANI & SANDHU LLP
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

32.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 32 of the Complaint, and on that basis, denies them.

33.    Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.    Defendant  denies the allegations contained in Paragraph 34 of the Complaint.

35.    Defendant admits that as dean of GSOL, Dean Guzman met with Montgomery Rich and with Plaintiff.  Defendant denies the remaining allegations contained in Paragraph 35 of the Complaint.

36.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 36 of the Complaint, and on that basis, denies them.

37.     Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 37 of the Complaint, and on that basis, denies them.

38.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 38 of the Complaint, and on that basis, denies them.

**III.    Professor Rich Reports Professor Montgomery Rich's Affair with a Student to Defendant USC**

39.    Defendant denies that Plaintiff was subjected to a hostile work environment.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 39 of the Complaint, and on that basis, denies them.

40.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 40 of the Complaint, and on that basis, denies them.

6

41.     Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 41 of the Complaint, and on that basis, denies them.

42.     Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 42 of the Complaint, and on that basis, denies them.

43.     Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 43 of the Complaint, and on that basis, denies them.

44.     Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 44 of the Complaint, and on that basis, denies them.

45.     Defendant admits that Plaintiff submitted to OED a memorandum entitled "Report of Inappropriate Conduct By Faculty Member; Title IX and Employee Handbook Implications," dated August 23, 2019.  Defendant denies the remaining allegations contained in Paragraph 45 of the Complaint.

46.     Defendant admits that in the August 23, 2019 memorandum, Plaintiff made allegations regarding Montgomery Rich. The August 23, 2019 document speaks for itself.  Defendant denies the remaining allegations of Paragraph 46 of the Complaint.

47.     Defendant admits that in the August 23, 2019 memorandum, Plaintiff made allegations regarding Montgomery Rich. The August 23, 2019 document speaks for itself.  Defendant denies the remaining allegations of Paragraph 47 of the Complaint.

48.     Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 48 of the Complaint, and on that basis, denies them.

PAZZANI & SANDHU LLP
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

49.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 49 of the Complaint, and on that basis, denies them.

50.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 50 of the Complaint, and on that basis, denies them.

## IV.    Professor Rich Requests a Leave of Absence and is Met with Reluctancy by USCGSOL's Dean

51.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 51 of the Complaint, and on that basis, denies them.

52.    Defendant denies that Plaintiff was subjected to a hostile work environment.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 52 of the Complaint, and on that basis, denies them.

53.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 53 of the Complaint, and on that basis, denies them.

54.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 54 of the Complaint, and on that basis, denies them.

55.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 55 of the Complaint, and on that basis, denies them.

56.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 56 of the Complaint, and on that basis, denies them.

PAZZANI & SANDHU LLP
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

57.    Defendant denies the allegations contained in Paragraph 57 of the Complaint.

## V.    Professor Rich Reignites her OED Complaints and is Immediately Retaliated Against by Professor Montgomery Rich

58.    Defendant admits that Plaintiff submitted to OED a memorandum entitled "Report of Inappropriate Conduct By Faculty Member; Title IX and Employee Handbook Implications," dated August 23, 2019.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 58 of the Complaint, and on that basis, denies them.

59.    Defendant admits that Plaintiff submitted to OED a memorandum entitled "Report of Inappropriate Conduct By Faculty Member; Title IX and Employee Handbook Implications," dated August 23, 2019, which document speaks for itself.

60.    Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 61 of the Complaint, and on that basis, denies them.

62.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 62 of the Complaint, and on that basis, denies them.

63.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 63 of the Complaint, and on that basis, denies them.

## VI.    Defendant USC Protects Professor Montgomery Rich and Fails to Properly Investigate Professor Rich's Claims Against Him

64.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 64 of the Complaint, and on that basis, denies

PAZZANI & SANDHU LLP
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

them.

65.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 65 of the Complaint, and on that basis, denies them.

66.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 66 of the Complaint, and on that basis, denies them.

67.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 67 of the Complaint, and on that basis, denies them.

68.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 68 of the Complaint, and on that basis, denies them.

69.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 69 of the Complaint, and on that basis, denies them.

70.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 70 of the Complaint, and on that basis, denies them.

71.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 71 of the Complaint, and on that basis, denies them.

72.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 72 of the Complaint, and on that basis, denies them.

73.    Defendant denies the allegations contained in Paragraph 73 of the Complaint.

PAZZANI & SANDHU LLP
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

74.    Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75.    Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76.    Defendant admits that, on January 28, 2020, Guzman sent Plaintiff an email stating, in part: "It is my understanding that in response to a complaint from you, OED concluded that there is insufficient evidence to indicate that Stephen Rich committed any violations under Chapter 6 of the Faculty Handbook.  It is also my understanding that you would like Gould to look into the question of whether he committed violations of Chapter 3 of the Handbook.  For these Chapter 3 claims, OED has declined to exercise jurisdiction and has referred the issues back to Gould."  Defendant denies the remaining allegations contained in Paragraph 76 of the Complaint.

77.    Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78.    Defendant denies the allegations contained in Paragraph 78 of the Complaint.

79.    As to Paragraph 79 of the Complaint, Defendant admits that Plaintiff submitted to OED a memorandum entitled "Report of Inappropriate Conduct By Faculty Member; Title IX and Employee Handbook Implications," dated August 23, 2019, which document speaks for itself.

80.    Paragraph 80 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 80 are deemed factual, Defendant denies them.

81.    Paragraph 81 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 81 are deemed factual, Defendant denies them.

PAZZANI & SANDHU LLP
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

82.    As to Paragraph 82 of the Complaint, Defendant admits that section 6-(A)(9)(b) of its 2019 Faculty Handbook provides in part: "If provided by Government regulations, both parties will be provided an equal opportunity to participate in any process that is part of a Title IX review, appeal or findings and conclusion, or grievance or dismissal hearings.  There are no public hearings.  If provided by Government regulations, all proceedings, including the investigation, appeals and grievances, shall be conducted in a matter that (a) is consistent with the University's policies and transparent to the reporting party and responding party; (b) includes timely notices, of meetings; (c) provides the reporting party, the responding party, and appropriate officials timely and equal access to information that will be used after the fact-finding investigation during informal and formal disciplinary meetings and hearings; and (d) are conducted by officials who do not have a conflict of interest or bias for or against the reporting party or the responding party.  For cases involving sexual assault, dating violence, domestic violence, and stalking, the proceedings must be conducted by officials who at a minimum, receive annual training on the issues related to dating violence, domestic violence, sexual assault, and stalking and on how to conduct an investigation and hearing process that protects the safety of victims and promotes accountability."

83.    Defendant denies the allegations contained in Paragraph 83 of the Complaint.

84.    Defendant admits that OED issued a closure memorandum regarding Plaintiff's August 2019 complaint, dated December 12, 2019. Defendant denies the remaining allegations contained in Paragraph 84 of the Complaint.

85.    As to Paragraph 85 of the Complaint, Defendant admits that Section 6-E(4) of its 2019 Faculty Handbook provides: "The Designated Investigator shall attempt to complete the investigation and make a written report as efficiently and promptly as possible.  Absent extenuating circumstances, the University endeavors to complete investigations of complaints, find the facts and determine if this policy

PAZZANI & SANDHU LLP
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

1  was violated, and make initial determination as to sanction, in cases of sexual

2  harassment, sex/gender discrimination, sexual assault, domestic violence, dating

3  violence, or stalking, within 60 days from the date of notice to the responding party,

4  and for other complaints within 90 days.  If the report is not complete within the

5  stated 60- or 90-day timeframe, the responding party, the reporting party, the

6  Academic Senate President, or the designated Vice Provost may ask the official who

7  has authority over the Office of Equity and Diversity to explain why it is not yet

8  complete.  As provided by government regulations, in cases involving sexual

9  assault, domestic violence, dating violence, or stalking, the Director of the Office of

10  Equity and Diversity may authorize the extension of timeframes only for good cause

11  and with written notice to the reporting party and the responding party of the delay

12  and the reason for the delay.  Good causes to extent the period may include the need

13  to conduct a fair and complete investigation, or accommodate or allow for a request

14  by external law enforcement, the availability of witnesses, delays by the parties,

15  University breaks or vacations, the complexity of the investigation, or other

16  legitimate reasons.  Best efforts will be made to complete the investigation in a

17  timely manner by balancing principles of thoroughness and fundamental fairness

18  with promptness."

19    86.    Defendant denies the allegations contained in Paragraph 86 of the

20  Complaint.

21    87.    Defendant denies the allegations contained in Paragraph 87 of the

22  Complaint.

23    88.    Defendant denies the allegations contained in Paragraph 88 of the

24  Complaint.

25    89.    Defendant denies the allegations contained in Paragraph 89 of the

26  Complaint.

27    90.    Paragraph 90 of the Complaint states a legal argument and conclusion

28  to which no response is required.  To the extent any allegations contained in

PAZZANI & SANDHU LLP
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

13

1    Paragraph 90 are deemed factual, Defendant denies them.

2        91.    Defendant denies the allegations contained in Paragraph 91 of the

3    Complaint.

4        92.    Defendant denies the allegations contained in Paragraph 92 of the

5    Complaint.

6        93.    Defendant denies the allegations contained in Paragraph 93 of the

7    Complaint.

8        94.    Defendant admits that on January 28, 2020, Dean Guzman sent an

9    email to Plaintiff, as partially quoted in Paragraph 94 of the Complaint.

10   **VII.   Dean Guzman Further Prolongs the Investigation into Professor**

11         **Rich's Complaint Due to His Own Biases Against Her**

12      **A.    Dean Guzman Opens an Investigation but Fails to Provide**

13            **Professor Rich with any Information or Updates**

14       95.    Defendant lacks knowledge or information sufficient to admit or deny

15   the allegations contained in Paragraph 95 of the Complaint, and on that basis, denies

16   them.

17       96.    Defendant admits that, on January 29, 2020, Plaintiff sent Dean

18   Guzman an email, which document speaks for itself.  Defendant lacks knowledge or

19   information sufficient to admit or deny the remaining allegations contained in

20   Paragraph 96 of the Complaint, and on that basis, denies them.

21       97.    Defendant admits that Dean Guzman reviewed Plaintiff's identified

22   concerns regarding Montgomery Rich and potential violations of Chapter 3 of the

23   Faculty Handbook.  Defendant denies the remaining allegations contained in

24   Paragraph 97 of the Complaint.

25       98.    Defendant denies the allegations contained in Paragraph 98 of the

26   Complaint.

27       99.    Defendant lacks knowledge or information sufficient to admit or deny

28   the allegations contained in Paragraph 99 of the Complaint, and on that basis, denies

PAZZANI & SANDHU LLP
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

14

them.

100.   Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 100 of the Complaint, and on that basis, denies them.

101.   Defendant denies the allegations contained in Paragraph 101 of the Complaint.

102.   As to Paragraph 102 of the Complaint, Defendant admits that it entered a Resolution Agreement with the United States Department of Education's Office for Civil Rights ("OCR") on or about February 21, 2020, but denies that the Resolution Agreement is relevant to this action.  The Resolution Agreement speaks for itself.

103.   As to Paragraph 103 of the Complaint, Defendant admits that it entered a Resolution Agreement with the OCR on or about February 21, 2020, but denies that the Resolution Agreement is relevant to this action.  The Resolution Agreement speaks for itself.

104.   As to Paragraph 104 of the Complaint, Defendant admits that it entered a Resolution Agreement with the OCR on or about February 21, 2020, but denies that the Resolution Agreement is relevant to this action.  The Resolution Agreement speaks for itself.

105.   As to Paragraph 105 of the Complaint, Defendant admits that it entered a Resolution Agreement with the OCR on or about February 21, 2020, but denies that the Resolution Agreement is relevant to this action.  The Resolution Agreement speaks for itself.

106.   Paragraph 106 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 106 are deemed factual, Defendant denies them.

107.   Defendant denies the allegations contained in Paragraph 107 of the Complaint.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

PAZZANI & SANDHU LLP
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

108.   Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 108 of the Complaint, and on that basis, denies them.

109.   Defendant admits that on September 17, 2020, Dean Guzman emailed Plaintiff in part: "I appreciate your patience as the ongoing pandemic generated delay in my ability to give this issue the focus it deserved."

110.   Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 110 of the Complaint, and on that basis, denies them.

111.   Defendant denies the allegations contained in Paragraph 111 of the Complaint.

112.   Defendant denies any "inordinate delay" in addressing Plaintiff's complaint.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 112 of the Complaint, and on that basis, denies them.

113.   Paragraph 113 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 113 are deemed factual, Defendant denies them.

114.   Defendant denies any "undue delay" in addressing Plaintiff's complaint.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 114 of the Complaint, and on that basis, denies them.

115.   Defendant denies the allegations contained in Paragraph 115 of the Complaint.

116.   Defendant admits that on September 17, 2020, Dean Guzman issued a Decision on Complaint Regarding Conduct of Stephen Rich, which document speaks for itself.  Defendant denies the remaining allegations contained in Paragraph 116 of the Complaint.

PAZZANI & SANDHU LLP
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

16

117.   Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 117 of the Complaint, and on that basis, denies them.

**B.** **Dean Guzman Impedes Professor Rich's Ability to Appeal The Investigation's Conclusions and Findings**

118.   Defendant admits that on October 2, 2020, Plaintiff emailed Dean Guzman stating her intention to appeal his decision and stating, in part: "[P]lease advise as to the role the faculty committee played in your determination. I was unclear about whether the committee's determination differed from your own. I would also appreciate it if you could provide a clearer explanation of the steps you took to confirm the factual determinations you made and credibility determinations." Defendant denies the remaining allegations contained in Paragraph 118 of the Complaint.

119.   Defendant denies the allegations contained in Paragraph 119 of the Complaint.

120.   Defendant denies the allegations contained in Paragraph 120 of the Complaint.

121.   Defendant denies the allegations contained in Paragraph 121 of the Complaint.

122.   Defendant denies the allegations contained in Paragraph 122 of the Complaint.

123.   Defendant denies the allegations contained in Paragraph 123 of the Complaint.

124.   Defendant admits that on October 22, 2020, Plaintiff sent an email to Dean Guzman stating, in part, "Thanks for the update. I'm uncomfortable with the lack of transparency in the disciplinary process and the way it is structured." Defendant denies the remaining allegations contained in Paragraph 124 of the Complaint.

125.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 125 of the Complaint, and on that basis, denies them.

126.    Defendant admits the allegations of Paragraph 126 of the Complaint to the extent they describe Plaintiff's October 22, 2020, email to Dean Guzman, which document speaks for itself. Defendant denies the remaining allegations contained in Paragraph 126 of the Complaint.

127.    Defendant denies the allegations contained in Paragraph 127 of the Complaint.

**C.**    **Dean Guzman's and Defendant USC Law's Animus Against Professor Rich Escalates Following the Conclusion of the Investigations Against Professor Montgomery Rich**

    **i.**    **Dean Guzman's retaliatory actions**

128.    Defendant denies the allegations contained in Paragraph 128 of the Complaint.

129.    Defendant denies the allegations contained in Paragraph 129 of the Complaint.

130.    Defendant denies the allegations contained in Paragraph 130 of the Complaint.

131.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 131 of the Complaint, and on that basis, denies them.

132.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 132 of the Complaint, and on that basis, denies them.

133.    Defendant denies the allegations contained in Paragraph 133 of the Complaint.

PAZZANI & SANDHU LLP
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

134.    Defendant denies the allegations contained in Paragraph 134 of the Complaint.

135.    Defendant admits that Plaintiff requested a 50-person class size. Defendant denies the remaining allegations contained in Paragraph 135 of the Complaint.

136.    Defendant admits that the GSOL can cap student enrollment in courses. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 136 of the Complaint, and on that basis, denies them.

137.     Defendant denies the allegations contained in Paragraph 137 of the Complaint.

### ii.    Defendant USC's retaliatory actions

138.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 138 of the Complaint, and on that basis, denies them.

139.    Defendant denies the allegations contained in Paragraph 139 of the Complaint.

140.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 140 of the Complaint, and on that basis, denies them.

141.    Defendant admits that the GSOL posted a news item on its website on February 4, 2021, which document speaks for itself. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 141 of the Complaint, and on that basis, denies them.

142.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 142 of the Complaint, and on that basis, denies them.

**PAZZANI & SANDHU LLP**
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

143.   Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 143 of the Complaint, and on that basis, denies them.

144.   Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 144 of the Complaint, and on that basis, denies them.

145.   Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 145 of the Complaint, and on that basis, denies them.

146.   Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 146 of the Complaint, and on that basis, denies them.

147.   Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 147 of the Complaint, and on that basis, denies them.

148.   Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 148 of the Complaint, and on that basis, denies them.

## VIII.   The New Vice President of Equity, Equal Opportunity, and Title IX Takes Over Professor Rich's Investigation

149.   Defendant admits that on December 10, 2020, its Vice President of the Office for Equity, Equal Opportunity, and Title IX ("EEO-TIX"), Catherine Spear, emailed Plaintiff  offering to meet with her "to share what I have learned and to see how you currently are doing and what, if any steps, it might be appropriate for EEO-TIX to take at this time."  Defendant denies the remaining allegations contained in Paragraph 149 of the Complaint.

150.   Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 150 of the Complaint, and on that basis,

PAZZANI & SANDHU LLP
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

denies them.

151.    Defendant admits that Spear sent Plaintiff an email on June 1, 2021. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 151 of the Complaint, and on that basis, denies them.

152.    Defendant admits that Spear's June 1, 2021 email to Plaintiff stated, in part: "Our office now considers this matter closed and will be taking no further action." Defendant denies the remaining allegations contained in Paragraph 152 of the Complaint.

153.    Defendant admits that on June 1, 2021, Spear emailed Plaintiff, which document speaks for itself. Defendant denies the remaining allegations contained in Paragraph 153 of the Complaint.

154.    Defendant admits that Spear had conversations with Dean Guzman and Montgomery Rich, as Spear described to Plaintiff in her June 1, 2021 email. Defendant denies the remaining allegations contained in Paragraph 154 of the Complaint.

155.    Defendant admits the allegations contained in Paragraph 155 of the Complaint.

156.    Defendant admits that on June 1, 2021, Spear sent an email to Plaintiff, as partially quoted in Paragraph 156 of the Complaint. Defendant denies the remaining allegations contained in Paragraph 156 of the Complaint.

157.    Defendant denies the allegations contained in Paragraph 157 of the Complaint.

158.    Defendant denies the allegations contained in Paragraph 158 of the Complaint.

159.    Defendant denies the allegations contained in Paragraph 159 of the Complaint.

160.    Defendant denies the allegations of Paragraph 160 of the Complaint.

21

PAZZANI & SANDHU LLP
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

IX.   **Professor Montgomery Rich Uses Dean Guzman's Investigation**
**Memo to Manipulate the Custody Proceedings of His and Professor**
**Rich's Daughter**

161.   Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 161 of the Complaint, and on that basis, denies them.

162.   Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 162 of the Complaint, and on that basis, denies them.

163.   Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 163 of the Complaint, and on that basis, denies them.

164.   Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 164 of the Complaint, and on that basis, denies them.

X.   **Director Spear Neglects University Policy and Refuses to Help**
**Protect Professor Rich From Professor Montgomery Rich's**
**Retaliation**

165.   Defendant admits that on January 26, 2022, Plaintiff emailed Spear stating asking for a meeting. Defendant denies the remaining allegations of Paragraph 165 of the Complaint.

166.   Defendant admits the allegations of Paragraph 166 of the Complaint.

167.   Defendant denies the allegations contained in Paragraph 167 of the Complaint.

168.   Defendant denies the allegations contained in Paragraph 168 of the Complaint.

169.   Defendant denies the allegations contained in Paragraph 169 of the Complaint.

PAZZANI & SANDHU LLP
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

170.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 170 of the Complaint, and on that basis, denies them.

171.    Defendant denies the allegations of Paragraph 171 of the Complaint.

172.    Defendant denies the allegations of Paragraph 172 of the Complaint.

173.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 173 of the Complaint, and on that basis, denies them.

174.    Defendant admits that section 6-AA(2) of its 2019 Faculty Handbook states, in part: "Subject to due respect of the protection of academic freedom as described in Section 6-A(3), no faculty member may take actions that are harassing, abusive, or intimidating against another member of the University community, even if not based on a protected characteristic, if a reasonable person would have perceived them as objectively offensive."

175.    Defendant denies the allegations of Paragraph 175 of the Complaint.

176.    Defendant admits that section 6-B of its 2019 Faculty Handbook states, in part: "This policy applies to all behavior by a faculty member while performing a University role; or on campus or at a facility of the University; or at an activity under the auspices of the University; or where the reporting party is a faculty or staff member, student, post-doctoral fellow, resident, applicant, patient, vendor, contractor, or visitor, or employee of an affiliate of the University; or which is adequate cause for discipline under Sections 8-C."

177.    Defendant denies the allegations contained in Paragraph 177 of the Complaint.

178.    Defendant the allegations contained in Paragraph 178 of the Complaint.

179.    Defendant denies the allegations contained in Paragraph 179 of the Complaint.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

PAZZANI & SANDHU LLP
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

## XI. <u>Professor Rich is Forced to Take Disability Leave in January 2023 After Her Reasonable Accommodation is Not Respected</u>

180.   Defendant admits that it provided certain accommodations to Plaintiff, including as described in an August 17, 2022 memorandum from Christine Street, Associate Vice President, Disability Access and ADA Compliance. Defendant denies the remaining allegations contained in Paragraph 180 of the Complaint.

181.   Defendant denies the allegations contained in Paragraph 181 of the Complaint.

182.   Defendant admits that Plaintiff requested to cap her course enrollment at 50 students and that, since Spring 2019, she has not had more than 50 students enrolled in any course she taught.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 182 of the Complaint, and on that basis, denies them.

183.    Defendant admits that the GSOL can cap student enrollment in courses and that it capped student enrollment in courses taught by Plaintiff.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 183 of the Complaint, and on that basis, denies them.

184.   Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 184 of the Complaint, and on that basis, denies them.

185.   Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 185 of the Complaint, and on that basis, denies them.

186.   Defendant admits that Plaintiff took a leave of absence for the Spring 2023 semester (January 1, 2023-May 15, 2023).  Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 186 of the Complaint, and on that basis, denies them.

**PAZZANI & SANDHU LLP**
700 N. Central Avenue, Suite 480
Glendale, California 91203

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

**PAZZANI & SANDHU LLP**
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

187.   Defendant denies the allegations contained in Paragraph 187 of the Complaint.

188.   As to Paragraph 188 of the Complaint, Defendant admits that on or about January 13, 2023, Dean Guzman signed the Faculty Request for Leave form submitted by Plaintiff to take a leave of absence from January 1, 2023 through May 15, 2023.

189.   Defendant denies the allegations contained in Paragraph 189 of the Complaint.

**XII.    Professor Rich Continues to be Subjected to Harsh and Unfair Treatment after Coming Back from her Leave of Absence**

190.   Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 190 of the Complaint, and on that basis, denies them.

191.   Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 191 of the Complaint, and on that basis, denies them.

192.   Defendant admits the allegations contained in Paragraph 192 of the Complaint.

193.   Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 193 of the Complaint, and on that basis, denies them.

194.   Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 194 of the Complaint, and on that basis, denies them.

195.   Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 195 of the Complaint, and on that basis, denies them.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

1    196.    Defendant denies the allegations contained in Paragraph 196 of the

2    Complaint.

3    197.    Defendant denies the allegations contained in Paragraph 197 of the

4    Complaint.

5    198.    Defendant admits that as part of the interactive process, Felicia Flores

6    offered to review the available classrooms with Plaintiff.  Defendant denies the

7    remaining allegations contained in Paragraph 198 of the Complaint.

8    199.    Defendant admits that it capped enrollment for Plaintiff's course at 50

9    students in Spring 2024 and Spring 2025.  Defendant lacks knowledge or

10   information sufficient to admit or deny the remaining allegations contained in

11   Paragraph 199 of the Complaint, and on that basis, denies them.

12   200.    Defendant lacks knowledge or information sufficient to admit or deny

13   the allegations contained in Paragraph 200 of the Complaint, and on that basis,

14   denies them.

15   201.    Defendant lacks knowledge or information sufficient to admit or deny

16   the allegations contained in Paragraph 201 of the Complaint, and on that basis,

17   denies them.

18   202.    Defendant lacks knowledge or information sufficient to admit or deny

19   the allegations contained in Paragraph 202 of the Complaint, and on that basis,

20   denies the allegations of Paragraph 202 of the Complaint.

21   203.    Defendant denies the allegations contained in Paragraph 203 of the

22   Complaint.

23   204.    Defendant denies the allegations contained in Paragraph 204 of the

24   Complaint.

25   205.    Defendant denies the allegations contained in Paragraph 205 of the

26   Complaint.

27   206.    Defendant denies the allegations contained in Paragraph 206 of the

28   Complaint.

**PAZZANI & SANDHU LLP**
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

26

207.   Defendant admits that GSOL conducted a merit review of faculty, including Plaintiff, in or about February 2023.  Defendant denies the remaining allegations contained in Paragraph 207 of the Complaint.

208.   Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 208 of the Complaint, and on that basis, denies them.

209.   Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 209 of the Complaint, and on that basis, denies them.

210.   Defendant denies the allegations contained in Paragraph 210 of the Complaint.

211.   As to Paragraph 211 of the Complaint, Defendant admits that on February 16, 2024, Scott Altman sent Plaintiff an email stating, in part, "I am unsure how fast I can gather the committee for this reconsideration.  I will move forward as quickly as I can.  If I encounter significant delay, I will let you know."  Defendant denies that the reconsideration process was an "appeal."

212.   Defendant admits that on March 3, 2024, GSOL notified Plaintiff that it would use her merit scores from the previous year as the basis for her merit raise. Defendant denies the remaining allegations contained in Paragraph 212 of the Complaint.

213.   Defendant denies the allegations contained in Paragraph 213 of the Complaint.

## XIII.   USC's Conduct Demonstrates A Callous Disregard of the Tyndall Resolution Provisions Even During the Period of OCR Monitoring

214.   Defendant denies the allegations contained in Paragraph 214 of the Complaint.

215.   Defendant denies the allegations contained in Paragraph 215 of the Complaint.

27

216.    Defendant denies the allegations contained in Paragraph 216 of the Complaint.

217.    Defendant denies the allegations contained in Paragraph 217 of the Complaint.

218.    Defendant admits that Professor Montgomery Rich received the administrative appointment of Vice Dean of Research effective July 1, 2024 (now known as Vice Dean of Academic Research and Intellectual Life) and is the Maurice Jones, Jr. – Class of 1925 Professor of Law.  Defendant denies that this role gives him supervisory authority over Plaintiff.  Defendant denies the remaining allegations contained in Paragraph 218 of the Complaint.

## CAUSES OF ACTION

## AS AND FOR A FIRST CAUSE OF ACTION

*(Gender Discrimination in Violation of Title VII of the Civil Rights Act of 1964)*

219.    Defendant adopts and incorporates its responses to the allegations in Paragraphs 1 through 218 of the Complaint.

220.    Paragraph 220 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 220 are deemed factual, Defendant denies them.

221.    Paragraph 221 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 221 are deemed factual, Defendant denies them.

222.    Paragraph 222 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 222 are deemed factual, Defendant denies them.

223.    Paragraph 223 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 223 are deemed factual, Defendant denies them.

PAZZANI & SANDHU LLP
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

224. Paragraph 224 of the Complaint states a legal argument and conclusion to which no response is required. To the extent any allegations contained in Paragraph 224 are deemed factual, Defendant denies them.

225. Paragraph 225 of the Complaint states a legal argument and conclusion to which no response is required. To the extent any allegations contained in Paragraph 225 are deemed factual, Defendant denies them.

226. Paragraph 226 of the Complaint states a legal argument and conclusion to which no response is required. To the extent any allegations contained in Paragraph 226 are deemed factual, Defendant denies them.

227. Paragraph 227 of the Complaint states a legal argument and conclusion to which no response is required. To the extent any allegations contained in Paragraph 227 are deemed factual, Defendant denies them.

## AS AND FOR A SECOND CAUSE OF ACTION

(*Gender Discrimination in violation of Title IX of the Education Amendments of 1972*)

228. Defendant adopts and incorporates its responses to the allegations in Paragraphs 1 through 227 of the Complaint.

229. Paragraph 229 of the Complaint states a legal argument and conclusion to which no response is required. To the extent any allegations contained in Paragraph 229 are deemed factual, Defendant denies them.

230. Paragraph 230 of the Complaint states a legal argument and conclusion to which no response is required. To the extent any allegations contained in Paragraph 230 are deemed factual, Defendant denies them.

231. Paragraph 231 of the Complaint states a legal argument and conclusion to which no response is required. To the extent any allegations contained in Paragraph 231 are deemed factual, Defendant denies them.

/ /

/ /

232.  Paragraph 232 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 232 are deemed factual, Defendant denies them.

233.  Paragraph 233 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 233 are deemed factual, Defendant denies them.

234.  Paragraph 234 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 234 are deemed factual, Defendant denies them.

235.  Paragraph 235 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 235 are deemed factual, Defendant denies them.

236.  Paragraph 236 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 236 are deemed factual, Defendant denies them.

## AS AND FOR A THIRD CAUSE OF ACTION

*(Gender Discrimination in Violation of the California Fair Employment and Housing Act)*

237.  Defendant adopts and incorporates its responses to the allegations in Paragraphs 1 through 236 of the Complaint.

238.  Paragraph 238 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 238 are deemed factual, Defendant denies them.

239.  Paragraph 239 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 239 are deemed factual, Defendant denies them.

240.  Paragraph 240 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Paragraph 240 are deemed factual, Defendant denies them.

241.   Paragraph 241 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 241 are deemed factual, Defendant denies them.

242.   Paragraph 242 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 242 are deemed factual, Defendant denies them.

243.   Paragraph 243 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 243 are deemed factual, Defendant denies them.

244.   Paragraph 244 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 244 are deemed factual, Defendant denies them.

245.   Paragraph 245 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 245 are deemed factual, Defendant denies them.

## AS AND FOR A FOURTH CAUSE OF ACTION

*(Discrimination in Violation of the Americans with Disabilities Act of 1990)*

246.   Defendant adopts and incorporates its responses to the allegations in Paragraphs 1 through 245 of the Complaint.

247.   Paragraph 247 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 247 are deemed factual, Defendant denies them.

248.   Paragraph 248 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 248 are deemed factual, Defendant denies them.

249.   Paragraph 249 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in

31

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

PAZZANI & SANDHU LLP
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

Paragraph 249 are deemed factual, Defendant denies them.

250. Paragraph 250 of the Complaint states a legal argument and conclusion to which no response is required. To the extent any allegations contained in Paragraph 250 are deemed factual, Defendant denies them.

251. Paragraph 251 of the Complaint states a legal argument and conclusion to which no response is required. To the extent any allegations contained in Paragraph 251 are deemed factual, Defendant denies them.

252. Paragraph 252 of the Complaint states a legal argument and conclusion to which no response is required. To the extent any allegations contained in Paragraph 252 are deemed factual, Defendant denies them.

253. Paragraph 253 of the Complaint states a legal argument and conclusion to which no response is required. To the extent any allegations contained in Paragraph 253 are deemed factual, Defendant denies them.

254. Paragraph 254 of the Complaint states a legal argument and conclusion to which no response is required. To the extent any allegations contained in Paragraph 254 are deemed factual, Defendant denies them.

## AS AND FOR A FIFTH CAUSE OF ACTION

*(Disability Discrimination in Violation of the California Fair Employment and Housing Act)*

255. Defendant adopts and incorporates its responses to the allegations in Paragraphs 1 through 254 of the Complaint.

256. Paragraph 256 of the Complaint states a legal argument and conclusion to which no response is required. To the extent any allegations contained in Paragraph 256 are deemed factual, Defendant denies them.

257. Paragraph 257 of the Complaint states a legal argument and conclusion to which no response is required. To the extent any allegations contained in Paragraph 257 are deemed factual, Defendant denies them.

PAZZANI & SANDHU LLP
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

258.   Paragraph 258 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 258 are deemed factual, Defendant denies them.

259.   Paragraph 259 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 259 are deemed factual, Defendant denies them.

260.   Paragraph 260 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 260 are deemed factual, Defendant denies them.

261.   Paragraph 261 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 261 are deemed factual, Defendant denies them.

262.   Paragraph 262 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 262 are deemed factual, Defendant denies them.

263.   Paragraph 263 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 263 are deemed factual, Defendant denies them.

## <u>AS AND FOR A SIXTH CAUSE OF ACTION</u>

*(Failure to Accommodate in Violation of the Americans with Disabilities Act of 1990)*

264.   Defendant adopts and incorporates its responses to the allegations in Paragraphs 1 through 263 of the Complaint.

265.   Paragraph 265 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 265 are deemed factual, Defendant denies them.

266.   Paragraph 266 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

PAZZANI & SANDHU LLP
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

Paragraph 266 are deemed factual, Defendant denies them.

267.    Paragraph 267 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 267 are deemed factual, Defendant denies them.

268.    Paragraph 268 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 268 are deemed factual, Defendant denies them.

269.    Paragraph 269 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 269 are deemed factual, Defendant denies them.

270.    Paragraph 270 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 270 are deemed factual, Defendant denies them.

271.    Paragraph 271 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 271 are deemed factual, Defendant denies them.

272.    Paragraph 272 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 272 are deemed factual, Defendant denies them.

## AS AND FOR A SEVENTH CAUSE OF ACTION

*(Failure to Accommodate in Violation of the California Fair Employment and Housing Act)*

273.    Defendant adopts and incorporates its responses to the allegations in Paragraphs 1 through 272 of the Complaint.

274.    Paragraph 274 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 274 are deemed factual, Defendant denies them.

275.    Paragraph 275 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 275 are deemed factual, Defendant denies them.

276.    Paragraph 276 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 276 are deemed factual, Defendant denies them.

277.    Paragraph 277 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 277 are deemed factual, Defendant denies them.

278.    Paragraph 278 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 278 are deemed factual, Defendant denies them.

279.    Paragraph 279 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 279 are deemed factual, Defendant denies them.

280.    Paragraph 280 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 280 are deemed factual, Defendant denies them.

281.    Paragraph 281 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 281 are deemed factual, Defendant denies them.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

*(Deliberate Indifferent in Violation of Title IX of the Education Amendments of 1972)*

282.    Defendant adopts and incorporates its responses to the allegations in Paragraphs 1 through 281 of the Complaint.

283.    Defendant admits that 20 U.S.C. § 1681(a) provides in part: "No person in the United States shall, on the basis of sex, be excluded from participation in, be

PAZZANI & SANDHU LLP
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

35

1   denied the benefits of, or be subjected to discrimination under any education

2   program or activity receiving Federal financial assistance[.]"

3       284.   Paragraph 284 of the Complaint states a legal argument and conclusion

4   to which no response is required.  To the extent any allegations contained in

5   Paragraph 284 are deemed factual, Defendant denies them.

6       285.   Defendant admits that it is a recipient of federal funding such that it is

7   subject to the Title IX of the Educational Amendments of 1972.

8       286.   Defendant admits the allegations contained in Paragraph 286 of the

9   complaint.

10      287.   Defendant admits that 34 C.F.R. § 106.8(b)(2) states in part: "A

11  recipient must adopt, publish, and implement grievance procedures consistent with

12  the requirements of § 106.45, and if applicable § 106.46, that provide for the prompt

13  and equitable resolution of complaints made by students, employees, or other

14  individuals who are participating or attempting to participate in the recipient's

15  education program or activity, or by the Title IX Coordinator, alleging any action

16  that would be prohibited by Title IX or this part" and admits that 28 C.F.R. §

17  54.135(b) states in part that "A recipient shall adopt and publish grievance

18  procedures providing for prompt and equitable resolution of student and employee

19  complaints alleging any action that would be prohibited by these Title IX

20  regulations."  Defendant denies the remaining allegations contained in Paragraph

21  287 of the Complaint.

22      288.   Paragraph 288 of the Complaint states a legal argument and conclusion

23  to which no response is required.  To the extent any allegations contained in

24  Paragraph 288 are deemed factual, Defendant denies them.

25      289.   Paragraph 289 of the Complaint states a legal argument and conclusion

26  to which no response is required.  To the extent any allegations contained in

27  Paragraph 289 are deemed factual, Defendant denies them.

28

PAZZANI & SANDHU LLP
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

**PAZZANI & SANDHU LLP**
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

290.    Paragraph 290 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 290 are deemed factual, Defendant denies them.

291.    Paragraph 291 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 291 are deemed factual, Defendant denies them.

292.    Paragraph 292 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 292 are deemed factual, Defendant denies them.

293.    Paragraph 293 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 293 are deemed factual, Defendant denies them.

294.    Paragraph 294 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 294 are deemed factual, Defendant denies them.

## AS AND FOR A NINTH CAUSE OF ACTION

*(Retaliation in Violation of the Americans with Disabilities Act of 1990, Title VII of the Civil Rights Act of 1964, and Title IX of the Education Amendments of 1972)*

295.    Defendant adopts and incorporates its responses to the allegations in Paragraphs 1 through 294 of the Complaint.

296.    Paragraph 296 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 296 are deemed factual, Defendant denies them.

297.    Paragraph 297 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 297 are deemed factual, Defendant denies them.

/ /

/ /

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

298.    Paragraph 298 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 298 are deemed factual, Defendant denies them.

299.    Paragraph 299 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 299 are deemed factual, Defendant denies them.

300.    Paragraph 300 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 300 are deemed factual, Defendant denies them.

301.    Paragraph 301 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 301 are deemed factual, Defendant denies them.

302.    Paragraph 302 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 302 are deemed factual, Defendant denies them.

303.    Paragraph 303 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 303 are deemed factual, Defendant denies them.

## AS AND FOR A TENTH CAUSE OF ACTION

*(Retaliation in Violation of the California Fair Housing and Employment Act)*

304.    Defendant adopts and incorporates its responses to the allegations in Paragraphs 1 through 303 of the Complaint.

305.    Paragraph 305 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 305 are deemed factual, Defendant denies them.

306.    Paragraph 306 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 306 are deemed factual, Defendant denies them.

PAZZANI & SANDHU LLP
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

307.    Paragraph 307 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 307 are deemed factual, Defendant denies them.

308.    Paragraph 308 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 308 are deemed factual, Defendant denies them.

309.    Paragraph 309 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 309 are deemed factual, Defendant denies them.

310.    Paragraph 310 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 310 are deemed factual, Defendant denies them.

311.    Paragraph 311 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 311 are deemed factual, Defendant denies them.

312.    Paragraph 312 of the Complaint states a legal argument and conclusion to which no response is required.  To the extent any allegations contained in Paragraph 312 are deemed factual, Defendant denies them.

## JURY DEMAND

313.    Paragraph 313 of the Complaint states Plaintiff's demand for a trial by jury.

## PRAYER FOR RELIEF

Defendant states that the Prayer for Relief (including its subsections (i) through (viii)) contained in Plaintiff's Complaint does not contain factual assertions requiring a response.  To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever in this action.

## AFFIRMATIVE DEFENSES

Defendant has not completed its investigation of the facts of this case, has not

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

PAZZANI & SANDHU LLP
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

completed discovery in this matter, and has not completed its preparation for trial. The defenses asserted herein are based on Defendant's knowledge, information, and belief at this time. Defendant specifically reserves the right to modify, amend, or supplement any defense contained herein at any time. Without conceding that it bears the burden of proof or persuasion as to any one of them, Defendant alleges the following separate defenses to the Complaint:

## FIRST SEPARATE AND AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1.      The Complaint, and each claim for relief set forth therein, fails to state facts sufficient to constitute a cause of action.

## SECOND SEPARATE AND AFFIRMATIVE DEFENSE

(Statute of Limitations – Title VII)

2.      Plaintiff's first and ninth causes of action, based on Title VII, are barred in whole or in part by the applicable statute of limitations. *See* 42 U.S.C. § 2000e-5(e)(1).

## THIRD SEPARATE AND AFFIRMATIVE DEFENSE

(Statute of Limitations – Title IX)

3.      Plaintiff's second, eighth, and ninth causes of action, based on Title IX, are barred in whole or in part by the applicable two-year statute of limitations. *Karasek v. Regents of Univ. of California*, 534 F. Supp. 3d 1136, 1149 (N.D. Cal. 2021).

## FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

(Statute of Limitations – Fair Employment and Housing Act)

4.      Plaintiff's third, fifth, seventh, and tenth causes of action, based on California's Fair Employment and Housing Act ("FEHA"), are barred in whole or in part by the applicable three-year statute of limitations. Cal. Gov't. Code § 12960(e)(5).

PAZZANI & SANDHU LLP
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

**FIFTH SEPARATE AND AFFIRMATIVE DEFENSE**

(Statute of Limitations – Americans with Disabilities Act)

5.      Plaintiff's fourth, sixth, and ninth causes of action, based on the Americans with Disabilities Act, are barred in whole or in part by the applicable statute of limitations.  *See* 42 U.S.C. §§ 2000e-5(e)(1) & 12117(a).

**SIXTH SEPARATE AND AFFIRMATIVE DEFENSE**

(Failure To Exhaust Internal Administrative Remedies)

6.      The Complaint, and each claim for relief set forth therein, is barred to the extent Plaintiff failed to exhaust her administrative remedies, including, but not limited to, by failing to pursue Defendant's internal remedial policies and procedures.

**SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE**

(Failure To File A Timely Administrative Charge)

7.      The Complaint, and each claim for relief set forth therein, is barred, in whole or in part, to the extent that Plaintiff failed to exhaust her administrative remedies, the allegations in the Complaint fall outside the scope of any administrative charges Plaintiff filed, and/or Plaintiff otherwise failed to comply with the statutory prerequisites to the bringing of this action pursuant to Title VII, the ADA, Title IX, and the FEHA, Cal. Gov't. Code §§ 12900, *et seq.*

**EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE**

(Estoppel)

8.      Plaintiff is estopped from pursuing the causes of action in the Complaint, in whole or in part, by reason of her own actions and course of conduct.

**NINTH SEPARATE AND AFFIRMATIVE DEFENSE**

(Waiver)

9.      As a separate affirmative defense to the Complaint and each purported cause of action set forth therein, Defendant alleges that Plaintiff is barred, in whole or in part, from prosecuting her claims by the doctrine of waiver.

**PAZZANI & SANDHU LLP**
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

**PAZZANI & SANDHU LLP**
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

## TENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Laches)

10.    The Complaint, and each purported cause of action set forth therein, is barred by the doctrine of laches.

## ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Unclean Hands)

11.    The Complaint, and each purported cause of action set forth therein, is barred by the doctrine of unclean hands.

## TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

12.    To the extent Plaintiff suffered any actionable, compensable injury, her recovery is barred by the avoidable consequences doctrine; no damages are recoverable against Defendant to the extent Plaintiff unreasonable failed to take advantage of preventive or corrective opportunities provided or otherwise to avoid harm.

## THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

13.    As a separate and affirmative defense to the Complaint and each purported cause of action set forth therein, Defendant alleges that Plaintiff has failed to mitigate or attempt to mitigate damages, if in fact any damages have been or will be sustained, and any recovery by Plaintiff must be diminished or barred by reason thereof.

## FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Punitive Damages)

14.    Defendant is not liable to punitive or exemplary damages herein because any such award would violate Defendant's constitutional rights under provisions of the United States and California Constitutions.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

**PAZZANI & SANDHU LLP**
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

## FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Intervening and Superseding Cause)

15.    Defendant alleges that if Plaintiff suffered or sustained any loss, damage or injury as alleged in the Complaint, such loss, damage, or injury was legally caused or contributed to by the negligence or wrongful conduct of other parties, persons or entities, and that their negligence or wrongful conduct was an intervening and superseding cause of the loss, damage, or injury of which Plaintiff complains.

## SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Same Decision)

16.    Defendant did not commit the acts or omissions as alleged in the Complaint on the basis of Plaintiff's disability, sex, engagement in a protected activity, or any other protected basis, even in part, but assuming, arguendo, that it did, such acts or omissions would have been taken in any event because all decisions made by Defendant with respect to Plaintiff were based on good cause, constituting legitimate, business-related reasons that were not arbitrary, capricious, unlawful, pretextual, or related to Plaintiff's alleged protected status.

## SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Good Faith)

17.    The Complaint, and each claim for relief set forth therein, is barred because Defendant had good faith, non-discriminatory, non-retaliatory reasons for all actions taken with respect to Plaintiff.

## EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Undue Burden)

18.    Plaintiff's fourth, fifth, sixth, and seventh causes of action are barred to the extent that the accommodations she requested were unreasonable or would have imposed an undue burden on Defendant.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

**WHEREFORE**, Defendant prays for judgment as follows:

1.     That Plaintiff take nothing by this action;

2.     That judgment be entered in favor of Defendant and against Plaintiff;

3.     That Defendant be awarded its costs of suit;

4.     That Defendant be awarded its attorneys' fees according to proof to the extent available under applicable law; and

5.     That the Court award Defendant such other and further relief as the Court may deem proper.

DATED: November 14, 2025          PAZZANI & SANDHU LLP

By:  /s/ Puneet K. Sandhu
          PUNEET K. SANDHU
          Attorneys for Defendant
          UNIVERSITY OF SOUTHERN
          CALIFORNIA

PAZZANI & SANDHU LLP
700 N. CENTRAL AVENUE, SUITE 480
GLENDALE, CALIFORNIA 91203

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES