RUFUS-ISAACS ACLAND & GRANTHAM LLP
ALEXANDER RUFUS-ISAACS, State Bar No. 135747
 aisaacs@rufuslaw.com
9440 Santa Monica Blvd., Suite 301
Beverly Hills, California 90210
Telephone: (310) 770-1307
Facsimile: (424) 258-7383

NESENOFF & MILTENBERG, LLP
ANDREW T. MILTENBERG (pro hac vice)
 amiltenberg@nmllplaw.com
GABRIELLE M. VINCI (pro hac vice)
 gvinci@nmllplaw.com
363 7th Avenue, 5th Floor
New York, New York 10001
Telephone: (212) 736-4500
Facsimile: (212) 736-2260

Attorneys for Plaintiff CAMILE GEAR RICH

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| CAMILE GEAR RICH,<br><br>Plaintiff<br><br>v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA, UNIVERSITY OF SOUTHERN CALIFORNIA GOULD SCHOOL OF LAW, and the BOARD OF TRUSTEES OF THE UNIVERSITY OF SOUTHERN CALIFORNIA<br><br>Defendants | CASE No. 2:25-cv-05842-JFW(JCx)<br><br>*Hon. Judge John F. Walter*<br>*Hon. Mag. Judge Jacqueline Chooljian*<br><br>**JOINT RULE 26(F) SCHEDULING CONFERENCE REPORT**<br><br>Date: January 5, 2026<br>Time: 1:15 p.m.<br>Ctrm: 7A<br><br>Complaint (with Demand for Jury Trial)<br>Filed: June 26, 2025<br>Answer Filed: November 14, 2025<br>Trial (Proposed): March 1, 2027 |

8716.3.2

Pursuant to this Court's November 20, 2025 Order (ECF No. 26), Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, Plaintiff Camille Gear Rich and Defendant University of Southern California ("Defendant" or "USC") (Plaintiff and Defendant collectively referred to herein as "the parties"), by and through their undersigned counsel, respectfully submit the following report:

1. **JURISDICTION, VENUE, AND SERVICE**

This civil action is brought for alleged violations of Plaintiff's statutory rights as guaranteed by Title IX of the Education Amendments of 1972 ("Title IX"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990 ("the ADA"), and the California Fair Employment and Housing Act ("the FEHA"). This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims arising under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because Plaintiff's state law claims are so closely related to the federal law claims as to form the same case or controversy under Article III of the United States Constitution.

Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because the alleged events or omissions giving rise to Plaintiff's claims occurred in this District. No issues exist regarding jurisdiction or venue. All parties have been served.

2. **STATEMENT OF THE CASE**

a. **PLAINTIFF'S STATEMENT**

This case arises out of the mishandling of Plaintiff's reports of harassment, discrimination, retaliation resulting in her further exposure to such unlawful behaviors. Plaintiff, a current employee of Defendant as a Professor at Defendant's Gould School of Law (the "Law School"), alleges that she formally reported instances of sexual harassment, discrimination, and retaliation perpetrated against her by her former spouse, also a professor at the Law School, to Defendant's supervisors and Office of Equity and Diversity ("OED"). In response to Plaintiff's complaints,

Plaintiff alleges that OED failed to properly and appropriately investigate her complaints pursuant to Defendant's relevant and applicable policies and procedures and Title IX, failed to implement appropriate interim safety measures, such as the granting of certain disability related accommodations, and showed a bias toward the Respondent. Plaintiff further alleges that following her formal complaints, she was subjected to retaliation by Defendant's agents and representatives, including her supervisor who had been improperly involved in the investigatory process related to Plaintiff's complaints.

b. **DEFENDANT'S STATEMENT**

USC has employed Plaintiff as a professor in the Law School since 2007. In 2015, Plaintiff and her then-husband Stephen Rich (who is also employed by USC as a professor in the Law School) began divorce proceedings that concluded with the dissolution of their marriage in 2019.

On August 23, 2019, Plaintiff made a report to USC's Office for Equity and Diversity ("OED"), raising concerns that her ex-husband was in a relationship with a former Law School student, which Plaintiff claimed may have created a hostile environment for other students if they had knowledge of the relationship, and which may have violated other USC policies. OED conducted a preliminary inquiry of the hostile environment concern and, by December 2019, determined there was insufficient information to engage in its investigatory process. Consistent with its normal practice, OED then referred the balance of Plaintiff's allegations, concerning conflicts of interest, to the Law School to review. Then-Dean Andrew Guzman reviewed those remaining allegations, including meeting with Plaintiff. He concluded that it appeared from the evidence (including the information provided by Plaintiff) that the relationship in question began after the former student was no longer a student at the Law School. He further determined there was no evidence to support a finding that Stephen Rich had violated USC policy on faculty conflicts of interest.

In August 2022, Plaintiff made a request to USC for accommodations. USC granted Plaintiff three accommodations: [1] no assignment to committees with her ex-husband; [2] an earnest effort to assign Plaintiff to her preferred classrooms; and [3] approval to use summer research stipend funds for administrative support. At various times from 2022 to the present, Plaintiff requested that enrollment in her courses be capped at no more than 50 students. Although USC did not formally grant an accommodation of a hard cap on enrollment in Plaintiff's classes, as a practical matter, she has not had more than 50 students in a course since at least Spring 2019. USC also accommodated Plaintiff with leaves of absence.

At this time, Defendant believes the principal factual issues in dispute are the nature of Plaintiff's disabilities and need for accommodation and whether USC properly applied its policies and processes in effect at the time of Plaintiff's August 2019 report regarding Stephen Rich.

3. **LEGAL ISSUES AND POINTS OF LAW**

   a. **PLAINTIFF'S STATEMENT**

Plaintiff contends the key legal issues in dispute include:

- Whether Plaintiff was subjected to a hostile work environment and/or discrimination on the basis of her gender in violation of Title VII, Title IX, and/or the FEHA? *See Schwake v. Ariz. Bd. of Regents*, 967 F.3d 940, 946 (9th Cir. 2020); *Reynaga v. Rosebug Forest Prods.*, 847 F.3d 678 (9th Cir. 2017).

- Whether Plaintiff was subjected to retaliation in violation of Title VII, Title IX, the ADA and/or the FEHA? *See Weil v. Citizens Telecom Servs., Co.*, 922 F.3d 993 (9th Cir. 2019); *Ray v. Henderson*, 217 F.3d 1234 (9th Cir. 2000).

- Whether Defendant failed to provide reasonable accommodation to Plaintiff's known disability. *See Kim v. Santa Ana Unified Sch. Dis't*, 2025 WL 3295590 (C.D. Ca. Nov. 26, 2025).

- Whether Defendant acted with deliberate indifference in its investigation and/or handling of Plaintiff's Title IX and discrimination related complaints under *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629 (1999) and *Karasek v. Regents of Univ. of CA*, 956 F.3d 1093 (9th Cir. 2020).

   b. **DEFENDANT'S STATEMENT**

   USC contends the following additional key legal issues are in dispute:

- Whether plaintiff's claims under Title VII, FEHA, Title IX and the ADA are time-barred (*See* 42 U.S.C. § 2000e-5(e)(1); Cal. Gov't. Code § 12960(e)(5); *Karasek v. Regents of Univ. of California*, 534 F. Supp. 3d 1136, 1149 (N.D. Cal. 2021); 42 U.S.C. §§ 2000e-5(e)(1) & 12117(a)).

- Whether any accommodations Plaintiff requested would impose an undue burden on Defendant. 42 U.S.C. §12112(b)(5)(A).

- Whether Plaintiff failed to exhaust internal procedures at USC, and any administrative remedies required under Title VII, Title IX, the ADA, or FEHA.

- Whether Plaintiff's own conduct reduces or precludes her recovery in this action, based on doctrines of estoppel, waiver, laches, and unclean hands, or through a failure to mitigate damages. *See, e.g., FTC v. Directv, Inc.*, 2015WL 9268119 (N.D. Cal. 2015) at *2-3; *Dollar Systems, Inc. v. Avcar Leasing Systems, Inc.*, 890 F.2d 165, 173 (9th Cir. 1989); Model Ninth Circuit Jury Instruction 5.3 (Damages – Mitigation).

4. **MOTIONS**

There are no prior or pending motions. Plaintiff does not anticipate filing any dispositive motions at this time. However, the parties expect to file motions in limine and *Daubert* motions prior to trial, if and as necessary. Additionally, depending on

how discovery progresses, the parties may file discovery-related motions should disputes arise that cannot be resolved informally amongst counsel.

At this time, USC anticipates filing a motion for summary judgment or partial summary judgment after conducting sufficient discovery. USC also anticipates filing a motion to bifurcate the trial.

## 5. AMENDMENTS AND ADDITIONS

The parties previously stipulated to the dismissal of the defendants University of Southern California Gould School of Law and the Board of Trustees of the University of Southern California as improper parties to this Action. (ECF No. 24). The parties do not currently anticipate or intend to amend the pleadings to add or withdraw any party or claim.

## 6. INITIAL DISCLOSURES

The parties will exchange initial disclosures pursuant to Rule 26(a) on or before December 22, 2025. These initial disclosures will identify categories of information and documents, with the understanding that the actual documents will be produced subsequently. These disclosures will also identify individuals with knowledge of information relevant to the parties' claims and/or defenses. The parties are coordinating the timing of document production following the exchange of disclosures.

## 7. DISCOVERY

The parties have not yet served Requests for Production of Documents or Interrogatories but have agreed to a mutual exchange of discovery requests on January 15, 2026. Plaintiff intends to conduct discovery into Defendant's policies and procedures related to the issues raised in this matter, Defendant's handling of Plaintiff's formal complaints and the appropriateness of Defendant's response, Plaintiff's request for reasonable disability accommodations and the appropriateness of Defendant's response, and Defendant's history, if any, of failure to properly address complaints related to the issues raised in this matter. Plaintiff further intends

8716.3.2

6

to seek to depose individuals who were personally involved in the receipt of Plaintiff's complaints and investigations thereof, and Plaintiff's requests for reasonable accommodations. Such individuals include, but are not limited to, Andrew Guzman, John Jividen, Christine Street, Catherine Spear, Felicia Flores, and Franita Tolson.

Defendant intends to conduct discovery into Plaintiff's factual allegations, Plaintiff's alleged medical conditions and emotional distress (including potentially seeking an independent medical examination), Plaintiff's alleged damages, and her efforts to mitigate any harm, and her communications with third parties regarding the allegations of her complaint. USC anticipates taking the depositions of Plaintiff, her treating physicians and other care providers, and her expert witnesses, if any.

At this time, no modifications to the discovery rules are proposed. The parties will cooperate to develop any necessary discovery protocol for the use and treatment of confidential material and the production of e-discovery materials and shall file a stipulated Protective Order for the court's approval before the deadline for the exchange of documents.

**8.   RELATED CASES**

The parties are not aware of any related matters.

**9.   RELIEF SOUGHT**

Plaintiff contends that this case arises from the mishandling of Plaintiff's reports of harassment, discrimination, retaliation resulting in her further exposure to such unlawful behaviors. Plaintiff seeks both compensatory and punitive damages, damages for lost wages, as well as attorneys' fees and costs.

Given the nature and gravity of the harm, including Plaintiff's emotional distress, reputational damage, and lost opportunities, and the continuing nature of the violation, Plaintiff contends that a precise calculation of damages is not particularly meaningful at this stage. However, based on the scope and duration of the harm suffered, which continues to date, Plaintiff estimates that her damages exceed $1 million.

In the absence of discovery and information from Plaintiff concerning the nature and amount of damages she seeks, it is difficult for Defendant to address damages at this time. However, USC contends that Plaintiff has a duty to use reasonable efforts to mitigate her damages (Model Ninth Circuit Jury Instruction 5.3) and any recovery should be reduced by her failure to mitigate and subject to any statutory limits on recovery. Further, Plaintiff's claims for emotional distress and lost opportunities may be the subject of expert testimony. Finally, with respect to Plaintiff's claim for lost wages, USC contends there have been no lost wages because she has at all times been employed with USC.

## 10. CERTIFICATION OF INTERESTED PARTIES

The parties have filed their Certifications as to Interested Parties or Persons in accordance with the Local Rules (ECF No. 9 and ECF No. 18). At this time, the parties are not aware of any persons, firms, partnerships, corporations (including parent corporations), or other entities that have a financial interest in the subject matter in controversy or in any party to the proceeding, or any other kind of interest that could be substantially affected by the outcome of the proceeding, other than the named parties. The parties will file updated certifications if new information becomes available.

## 11. PROPOSED CASE SCHEDULE

| | |
|---|---|
| Completion of fact discovery | September 11, 2026 |
| Initial Expert Disclosures | October 2, 2026 |
| Last day to file Rule 56 Motion | September 28, 2026 |
| Last day to file opposition to Rule 56 Motion | October 19, 2026 |
| Last day to file reply in support of Rule 56 Motion | November 2, 2026 |
| Rebuttal Expert Disclosures | October 30, 2026 |

8716.3.2

8

JOINT RULE 26(F) SCHEDULING CONFERENCE REPORT

| Last day to hear Rule 56 Motion | November 16, 2026 |
|---|---|
| Completion of expert discovery | December 11, 2026 |
| Deadline to complete Settlement Conference or other ADR | January 7, 2027 |
| Trial Filings Part 1 (motions in limine; memoranda of contentions of fact and law; witness lists; exhibit lists) | January 14, 2027 |
| Trial Filings Part 2 (oppositions to motions in limine; joint proposed final pretrial conference order; disputed jury instructions; agreed/joint jury instructions; joint proposed verdict forms; joint proposed statement of the case; proposed voir dire questions | January 28, 2027 |
| Final pretrial conference | February 11, 2027 |
| Trial date | March 1, 2027 |

## 12. TRIAL

Plaintiff requested a jury trial in her pleadings. Based on the claims and anticipated witnesses, the parties estimate that the trial can be completed in approximately five court days.

## 13. SETTLEMENT AND ADR

The parties have not yet engaged in settlement negotiations and do not believe that such discussions would be productive until at least the exchange of written discovery has been completed to allow both sides to engage in any meaningful evaluation of settlement. The parties respectfully request to advise the Court of their preferred method of alternative dispute resolution following completion of the exchange of written discovery.

**14.   COMPLEXITY**

This case does not require special procedure for complex litigation.

**15.   DISPOSITIVE MOTIONS**

Plaintiff does not anticipate filing any dispositive motions.

As set forth above, Defendant anticipates filing a motion pursuant to Rule 56.

**16.   UNUSUAL LEGAL ISSUES**

The parties are not aware of any unusual legal issues implicated in this case.

**17.   BIFURCATION OR SEVERANCE**

There are no agreements regarding severance, bifurcation or other ordering of proof.  USC anticipates filing a motion to bifurcate the trial.

**18.   LEAD TRIAL COUNSEL**

Lead Trial Counsel for Plaintiff is Gabrielle M. Vinci. Attorney Vinci's email address of record is gvinci@nmllplaw.com. Plaintiff is also represented by Andrew T. Miltenberg of Nesenoff & Miltenberg, LLP, whose email address is amiltenberg@nmllplaw.com, and Alexander Rufus-Isaacs of Rufus-Isaacs Acland & Grantham LLP, whose email address is aisaacs@rufuslaw.com. Plaintiff's counsel are all registered to receive ECF notifications.

Lead Trial Counsel for USC is Puneet K. Sandhu, who is registered as a CM/ECF user; her email address of record is psandhu@psemploymentlaw.com.

Dated: December 18, 2025                         **NESENOFF & MILTENBERG, LLP**

                                                  By:   *s/ Gabrielle M. Vinci*
                                                         Andrew T. Miltenberg
                                                         Gabrielle M. Vinci
                                                         *Attorneys for Plaintiff*
                                                         CAMILLE GEAR RICH

| | |
|---|---|
| Dated: December 18, 2025 | **RUFUS-ISAACS ACLAND & GRANTHAM LLP** |
| | By: *s/ Alexander Rufus-Isaacs* |
| | Alexander Rufus-Isaacs<br>*Attorneys for Plaintiff*<br>CAMILLE GEAR RICH |
| DATED: December 18, 2025 | **PAZZANI & SANDHU LLP** |
| | By: *s/ Puneet K. Sandhu*<br>PUNEET K. SANDHU<br>*Attorneys for Defendant*<br>UNIVERSITY OF SOUTHERN CALIFORNIA |

### STATEMENT OF ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

| | |
|---|---|
| Dated: December 18, 2025 | **RUFUS-ISAACS ACLAND & GRANTHAM LLP** |
| | By: *s/ Alexander Rufus-Isaacs* |
| | Alexander Rufus-Isaacs<br>*Attorneys for Plaintiff*<br>CAMILLE GEAR RICH |

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2025, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to the email addresses registered in the CM/ECF system.

DATED: December 18, 2025

                                            BY:  s/*Alexander Rufus-Isaacs/*
                                                     Alexander Rufus-Isaacs
                                                     RUFUS-ISAACS ACLAND & GRANTHAM LLP